**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CHRISTOPHER A. BORNEMAN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DON I. NELSON,** )<br>)<br>**Defendant.** ) | Case No. 09-CV-0355-CVE-TLW |

**OPINION AND ORDER**

On June 8, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). Plaintiff is in custody at the Creek County Criminal Justice Center, Sapulpa, Oklahoma, and appears *pro se*. For the reasons discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted. The Clerk of Court shall receipt the $11.00 check submitted by Plaintiff as his initial partial payment. Plaintiff shall be required to make monthly payments until the full $350 filing fee is paid. The Court further finds that the complaint shall be dismissed because the only named defendant is entitled to prosecutorial immunity.

**A.    Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis* the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* shall be granted and he may proceed without prepayment of the filing fee. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Along with his motion to proceed *in forma pauperis*, Plaintiff enclosed a money order, No. 09-083208710, in the amount of $11.00. The Clerk shall receipt the money order in satisfaction of the initial partial payment requirement of 28 U.S.C. § 1915(b).[1] The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). Therefore, after payment of the initial partial filing fee, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2).

The Trust Fund Officer at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to the Trust Fund Office, Creek County Criminal Justice Center, P.O. Box 1600, Sapulpa, Oklahoma, 74067.

---

[1] Under § 1915(b), a prisoner is required to pay an initial partial filing fee of 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in his inmate accounts for the six-month period preceding the filing of the complaint. 28 U.S.C. §1915(b). In this case, based on the accounting information provided by Plaintiff, the initial partial filing fee would be 20% of the average monthly deposits to his account, or $9.53. The money order in the amount of $11.00 is sufficient to satisfy the initial partial filing fee requirement.

**B.      Complaint shall be dismissed**

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that Plaintiff seeks monetary damages from a defendant who is immune from such relief.  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), the complaint shall be dismissed.

Plaintiff's claims relate to the prosecution of criminal charges in Creek County District Court, Case No. CF-2008-296.[2]  In his complaint, Plaintiff names one (1) defendant: Don I. Nelson, Creek County Assistant District Attorney. He describes the background of his claims as "malicious prosecution, filing false charges, withholding exculpatory evidence, conspiring with witness to give

---

[2]The docket sheet for Case No. CF-2008-296, viewed at www1.odcr.com, reflects that a jury found Plaintiff guilty of Eluding or Attempting to Elude Police Officer, AFCF (Count 1). The trial court sentenced Plaintiff in accordance with the jury's recommendation to twelve (12) years imprisonment.  Counts 2, 3, and 4 (Running a Roadblock, AFCF; Possession of Controlled Substance; and Throwing Litter from Vehicle) were dismissed.

3

false testimony." See Dkt. # 1. He identifies two (2) causes of action: (1) he was deprived of substantive due process and subjected to unreasonable seizures in violation of his constitutional rights, and (2) Defendant Nelson withheld exculpatory evidence in the state criminal proceeding. Id. Plaintiff alleges he was "charged, jailed and tried and convicted in wrong county." Id. He characterizes his criminal proceedings in Creek County as a "witch-hunt." Id. In his request for relief, Plaintiff asks for "$125,000.00 compensatory and $425,000.00 punitive damages." See id.

A state prosecutor, such as Defendant Nelson in this case, is entitled to absolute immunity from suits for civil damages when such suits are based on the prosecutor's performance of functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994); Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1489 (10th Cir. 1991). Of course, "'actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'" DiCesare v. Stuart, 12 F.3d 973, 977 (10th Cir. 1993) (quoting Buckley v. Fitzsimmons, 113 S. Ct. 2606, 2615 (1993)). The Tenth Circuit Court of Appeals has repeatedly found investigative and administrative actions taken by state prosecutors to be adequately protected by the doctrine of qualified, rather than absolute immunity. Gagan, 35 F.3d at 1475-76.

Applying these principles to the instant case, the Court concludes that the actions of Defendant Nelson taken in prosecuting criminal charges against Plaintiff are the type of conduct protected by absolute immunity. A prosecutor's decisions made during the course of a prosecution relate to the judicial phase of the criminal process. Imbler, 424 U.S. at 430. Because Defendant Nelson is entitled to absolute prosecutorial immunity from civil damages, Plaintiff's complaint

seeking damages against Defendant Nelson shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted.** Plaintiff is responsible for payment of the **$350** filing fee in monthly installments.

2. The Clerk of Court shall **receipt** the money order submitted by Plaintiff, No. 09-083208710, in the amount of **$11.00**, as the initial partial payment.

3. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

4. Plaintiff's request for money damages against Defendant Nelson is **dismissed** from this action based on absolute prosecutorial immunity.

5. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

6. The Clerk shall send a copy of this Order to the Trust Fund Office, Creek County Criminal Justice Center, P.O. Box 1600, Sapulpa, Oklahoma, 74067.

**DATED** this 10th day of June, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT